```
              IN THE UNITED STATES DISTRICT COURT FOR THE
                     EASTERN DISTRICT OF MISSOURI
                          ST. LOUIS DIVISION

BRENDA MILLS, M.D.,              )
                                 )
              Plaintiff,         )      4:08CV1850
                                 )
         v.                      )
                                 )
JAMES CROWE, DOROTHY L.          )      MEMORANDUM OPINION
McMURTHRY, HOWARD MARCUS,        )
MATTHEW T. SCHELP, JAMES G.      )
MARTIN, RAYMOND GRUENDER,        )
CHARLES HILLARD, JOHN DOE 1,     )
JOHN DOE 2, MARYELLEN            )
STAKENAS, RICK SALINAS, JODI     )
GEISSLER, AUNDRAE SAUNDERS,      )
JOHN DOE 3, CATHERINE D.         )
PERRY, BRIAN E. HOLT, WILLIAM    )
J. HUGHES, CAROLYN C. HUGHES,    )
CAROLYN REINES-GRAUBARD,         )
JUDITH BALLARD, DONALD L.        )
GARRETT, LESLIE A. SUSSAN,       )
MICHAEL LEAVITT,[1] ROBERT       )
ECKERT, DANIEL LEAVINSON, MARK   )
McCLELLAN, HAYES C. McCLERKIN,   )
ROBERT SHOPLAW, JOE DOE 4 and    )
JOHN DOE 5,                      )
                                 )
              Defendants.        )
_____)
```

This matter is before the Court on the following motions to dismiss filed by the defendants: Filing Nos. 41, 50, 52, 54, 56, 58, and 63. The Court has reviewed these motions and the memorandums (Filing Nos. 42, 51, 53, 55, 57, 59, 64 and 70) in support of said motions, the response of the plaintiff (Filing

---

[1] Michael Levitt was the Secretary of the Department of Health and Human Services and was named as a defendant in his official capacity. Charles E. Johnson is presently the Acting Director of the Department of Health and Human Services and will succeed Michael Levitt as a defendant in this action.

No. 68) and the reply of some of the defendants to the plaintiff's response (Filing No. 69).

At the outset the Court notes that the plaintiff has not challenged any of the briefs of the defendants, nor does she suggest that the legal principles set forth by the defendants are not applicable to plaintiff's claim.

STANDARD OF REVIEW

Each of the defendants has cited Federal Rule of Civil Procedure 12(b)(6) as a basis for dismissal. To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, ". . . a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqnal,* ___ U.S. ___, 173 L.Ed.2d 868, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id. (quoting Twombly*, 550 U.S. at 555).

This complaint is a perfect example of a pleading that "offers labels and conclusions" or "a formulaic recitation of the elements of a cause of action." For that reason alone, the entire complaint should be dismissed. However, the Court will briefly discuss some of the issues raised by the respective motions which have been filed by the parties.

I.

Several of plaintiff's claims are subject to dismissal for failure to allege an essential element or have been challenged as untimely filed.  Count I alleges a "42 U.S.C. § 1983 deprivation of constitutional rights."  However, nowhere in her complaint does plaintiff allege or even suggest that any of the defendants were state actors or a person acting under color of state law.  In fact, nearly all were identified as employees of the federal government.  Title 42 U.S.C. § 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any state or territory or the District of Columbia, subjects or causes to be subjected to, any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and laws . . . .

*See Wyatt v.* Cole, 504 U.S. 158, 162, 112 S.Ct. 1827, 1830 (1992).  In *American Mfrs. Mut. Ins. v. Sullivan*, 526 I/S/40. 49-50, 143 L.Ed.2d 13-, 119 S.Ct. 977, the Supreme Court stated:

> To state a claim for relief in an action brought under § 1983, respondents must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law.

Accordingly, Count I will be dismissed as to all defendants.

Count II alleges violation of 42 U.S.C. § 1985(2), and charges that the United States Attorneys conspired with the Postal Inspector John Does I and II and certain administrative agencies to deprive the plaintiff access to Medicare records that plaintiff claims she requested.

Mills' allegations fail to state a claim for relief under § 1985(2). 42 U.S.C. § 1985(2) consists of two parts: "the first proscribes conspiracies to interfere with the administration of justice in federal courts; the second applies to conspiracies to obstruct the course of justice in state courts." *Dooley v. Reiss*, 736 F.2d 1392, 1395 (9th Cir. 1984). The second part is inapplicable because the complaint does not contain any allegations related to state court proceedings. The first part of § 1985(2) provides:

> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been

>     such juror; . . .[an action for
>     damages may lie].

42 U.S.C. § 1985(2). The first part of § 1985(2) applies to conduct that *directly* affects or seeks to affect parties, witnesses, or jurors. *See id.* at 1396; *see also Nealy v. Hamilton*, 837 F.2d 210, 212 (5th Cir. 1988).

Mills' § 1985(2) claim generally relies on the following allegations: defendants conspired to deprive Mills access to certain records, conspired to alter the contents of such records, and conspired to withhold information from Mills about the existence and activities of a confidential informant. Mills has not alleged that defendants engaged in any conduct that directly interfered with her ability to appear in federal court nor does she claim any interference with the Grand Jury proceedings. The Court finds that plaintiff has failed to state a claim under § 1985(2).

Count III alleges a 42 U.S.C. § 1985(3) conspiracy to deprive the plaintiff of equal protection of the laws. This claim can only have reference to the first clause of § 1985(3) as the second clause refers to a conspiracy "to prevent by force, intimidation or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as a elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen

in person or property on account of such support or advocacy . . . . . " That is not an issue in this case.  The first clause reads:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or security to all persons within such State or Territory the equal protection of the laws. . . .

This alleged conspiracy does not fall within the language of § 1985(3).  An essential element of such a claim is that it applies only to "conspiracies motivated by some racial or, perhaps, otherwise class-based, invidiously discriminatory conduct."  In *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993), the Court held:

> Secondly, however, § 1985(3) does not "apply to all tortious, conspiratorial interferences with the rights of others," but rather only to conspiracies motivated by "some racial, or perhaps otherwise class-based invidiously discriminatory animus. *Griffin*, 403 U.S. at 101-02, 91 S.Ct. at 1798.

At Page 686, the Court stated:

> In short, to state a claim under 42 U.S.C. § 1985(3) for a non-racially motivated private conspiracy, if indeed such a claim can be stated, it is necessary to plead, *inter alia*:
>
> 1. that the conspiracy is motivated by a class-based invidiously discriminatory animus;
> . . . .

The claim of the plaintiff in Count III of her complaint fails to so plead, and for that reason, this claim will be dismissed as to all of the defendants.

Counts IV, V and VI are premised on a violation of the "Privacy Act." The defendants have moved for dismissal on the grounds that this claim is barred by the statute of limitations. The Privacy Act of 1974 is codified at 5 U.S.C. § 552a. Section 552a(g)(5) provides:

> An action to enforce any liability created under this section may be brought in the District Court of the United States in the District in which the complainant resides, or has his principle place of business, or in which the agency records are situated, or in the District of Columbia, without regard to the amount in controversy within two years of the date on which the cause of action arises . . . .

The plaintiff's cause of action under the Privacy Act of 1974 references matters which occurred prior to her entry of a plea of guilty to Count I of the indictment.

The section of her complaint entitled "Facts" alleges conduct that occurred in 2002 to 2004. Her plea of guilty to Count I of her indictment was entered on November 8, 2004. Thus, the conduct of which she complains preceded her plea of guilty by more than four years as this action was not filed until December, 2008. Thus, these counts are barred by the statute of limitations, and will be dismissed as to all of the defendants.

Count VII alleges the intentional tort of libel. Count IX is a claim by the plaintiff for false imprisonment. Both of these causes of action had to accrue at least by November 8, 2004. However, this action was not instituted until December 1, 2008. Section 516.140 of Missouri's statutes provides that actions for libel and false imprisonment must be brought within two years of the accrual of the cause of action. Both of these counts have been filed more than two years after the events she alleges as the basis for their accrual, and accordingly, each of them will be dismissed.

Count VIII charges intentional infliction of emotional distress against all of the defendants. It is subject to dismissal on the basis that the allegations fail to satisfy the

requirements set down by the United States Supreme Court in *Bell v. Twombly.*

Uniquely absent from any of the allegations of the plaintiff in this multi-count indictment is a reference to any specific act, any specific letter, any specific date on which any of the alleged actions took place. The allegations are essentially labels and conclusions and fail to state a claim that is plausible on its face. The foregoing analyses of the plaintiff's complaint is sufficient to justify a dismissal of each and every count contained in the claim.

Finally, the Court finds that most of the defendants are entitled to immunity. The Court will first take up the claims of absolute immunity as they apply to Judge Catherine D. Perry, and Administrative Judge Carolyn C. Hughes. The claims against each of these defendants are premised upon their conduct as judicial officers. With respect to Judge Perry, the allegations relate to actions which she took in connection with presiding over the criminal indictment returned against the plaintiff which ultimately resulted in the plaintiff entering a plea of guilty and being sentenced. The only allegations against Judge Perry are found in Paragraphs 37 and 57 of plaintiff's complaint, and these allegations clearly relate solely to her conduct as the presiding judge over the disposition of this indictment.

With respect to Administrative Law Judge Hughes, her name is mentioned in the caption and again in Paragraph 20, where the plaintiff alleges that the defendant Carolyn Cozad Hughes was at all times relevant hereto, the Administrative Law Judge, DHHS-Departmental Appeals, Civil Remedies Division, with a principal office located in the District of Columbia. There are no specific allegations of any act or ruling which she made constituting a basis for any of the claims plaintiff sets forth in her complaint. It is clear from her identification in Paragraph 20 of the complaint that the claims against her are based on her position as Administrative Law Judge.

The law is clear that both District Judge Perry and Administrative Law Judge Hughes are entitled absolute immunity for actions which they took in their respective positions. As the United States Supreme Court has recognized in *Cleavinger v. Saxner*, 474 U.S. 193, 199-200, 106 S.Ct. 496, 88 L.Ed.2d 507, 513 (1985):

> This Court has observed: "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." Pierson v. Ray, 386 U.S. 547, 553-554, 18 L.Ed. 2d 288, 87 S.Ct. 1213 (1967). The Court specifically has pronounced and followed this doctrine of the common law for more than a century. In Bradley v. Fisher, 13 Wall 335, 20 L.Ed. 646 (1872), it ruled that

> a federal judge may not be held
> accountable in damages for a
> judicial act taken within his
> court's jurisdiction. Such
> immunity applies "however erroneous
> the act may have been, and however
> injurious in its consequences it
> may have proved to the plaintiff."
> Id. at 347, 20 L.Ed. 646.

For these reasons, Judge Catherine D. Perry and Administrative Law Judge Carolyn C. Hughes are entitled to absolute immunity on plaintiff's claims.

The defendants, James Crowe, Dorothy L. McMurtry, Howard Marcus, Matthew J. Schelp, James G. Martin, Raymond Gruender, Brian E. Holt, William J. Hughes, Carolyn Reines-Graubard, Judith Ballard, Donald L. Garrett, Leslie A. Sussan, Charles T. Hilliard, Rick Salinas, and Jodi Geissler, claim they are entitled to either absolute prosecutorial immunity or absolute quasi judicial immunity. Defendants Crowe, McMurtry, Marcus, Schelp, Martin and Gruender are or were at the time of the prosecution of the defendant members of the United States Attorney's Office or serving as United States Attorney. The allegations against them relate to the investigation, indictment, and conviction of the plaintiff. These are prosecutorial functions. As the Supreme Court held in *Imbler v. Pachtman*, 424 U.S. 409, 422-23, 47 L.Ed.2d 128, 96 S.Ct. 984:

> The common-law immunity of a
> prosecutor is based upon the same
> considerations that underlie the
> common-law immunities of judges and

-11-

> grand jurors acting within the
> scope of their duties. These
> include concern that harassment by
> unfounded litigation would cause a
> deflection of the prosecutor's
> energies from his public duties,
> and the possibility that he would
> shade his decisions instead of
> exercising the independence of
> judgment required by his public
> trust. . . . .

For these reasons, the Court finds that these defendants are entitled to absolute immunity as to each of plaintiff's claims.

The defendants, Brian E. Holt, William J. Hughes, Carolyn Reines-Graubard, Judith Ballard, Donald L. Garrett and Leslie A. Sussan claim absolute quasi judicial immunity or qualified immunity (Filing No. 51). These defendants are all identified as former or present employees of the Department of Health and Human Services who participated in the administrative adjudication which excluded the plaintiff from participating in federal health programs, including Medicare and Medicaid. The Supreme Court of the United States stated in *Butz v. Economu*, 438 U.S. 478, 513-15, 57 L.Ed.2d 895, 28 S.Ct. 2894:

> There can be little doubt that the
> role of the modern federal hearing
> examiner . . . . is "functionally
> comparable" to that of a judge.
> His powers are often, if not
> generally, comparable to those of a
> trial judge.
>
> . . . .
>
> We therefore hold that persons
> subject to these restraints and

> performing adjudicatory functions
> within a federal agency are
> entitled to absolute immunity from
> damages liability for their
> judicial acts. Those who complain
> of error in such proceedings must
> seek agency or judicial review
>
> We also believe that agency
> officials performing certain
> functions analogous to those of a
> prosecutor should be able to claim
> absolute immunity with respect to
> such acts. The decision to
> initiate administrative proceedings
> against an individual or
> corporation is very much like the
> prosecutor's decision to initiate
> or move forward with a criminal
> prosecution.
>
> . . . .
>
> The discretion which executive
> officials exercise with respect to
> the initiation of administrative
> proceedings might be distorted if
> their immunity from damages arising
> from that decision was less than
> complete.

In light of the allegations in plaintiff's complaint, the Court finds that each of these defendants is entitled to quasi judicial immunity as to plaintiff's claims.

Mark McClellan is identified as a "CMS administrator and responsible for proper administration and execution of all laws of CMS." The only allegation that might reference him is a general allegation in Paragraph 42 to the effect that the "Medicare and Medicaid (CMS) denied administrative appeals and have failed to provide plaintiff" with Medicare files. He is

only named in Count IV.  The allegations relating to him involve his job as it relates to the administration and execution of all laws by CMS, and the Court finds he is entitled to quasi judicial immunity.

As to defendants Aundrae Sanders,[2] Hayes McClerkin, and Robert Shoplaw's motion to dismiss plaintiff's complaint, the Court notes that plaintiff has filed a motion to dismiss these three defendants in their individual capacity only (Filing No. 49).  A review of the complaint demonstrates that Aundrae Sanders is the only one of three defendants sued in an individual capacity.  The other two defendants were sued only in their official capacity.  As to defendant Aundrae Sanders, plaintiff's motion is granted, and this action will be dismissed as to her in her individual capacity.

A review of plaintiff's complaint reveals that these three defendants appear to only be involved in Counts IV, V, VI, VIII and IX of plaintiff's complaint.  In Paragraphs 16, 28 and 29, they are identified simply by reference to their position and where they live.  In the factual portion of plaintiff's complaint, Paragraphs 34 through 48, there are no allegations of any specific act or conduct on the part of any of these three defendants.  The Arkansas Blue Cross Blue Shield is only

---

[2] Aundrae Sanders was identified as Aundrae Saunders in plaintiff's complaint.

mentioned in one paragraph which only makes reference to the denial of the administrative appeals.

It appears from the complaint that these three parties are named as defendants simply because of their positions without reference to any specific act which any one of them may have taken, relating to the complaint of the plaintiff. The company for which they work has not been named as a defendant, and there are no allegations that any of these three parties at any time personally took any action which constituted a deprivation of any rights which the plaintiff may have. Each of these five counts will be dismissed as to these defendants based on the Court's *Bell v. Twombly* and statute of limitations discussion.

Addressing the motion of defendant Maryellen Stakenas to dismiss (Filing No. 63), the Court notes that plaintiff does not allege any specific act by this defendant. Her allegations are totally conclusory. In Paragraph 53 she makes some general allegations about Ms. Stakenas' failure to notify the plaintiff about certain factors without any allegations establishing that Ms. Stakenas had any such knowledge or had any such responsibility to the plaintiff or anyone else. In Paragraph 87 which is part of Count VII, she alleges that this defendant "stated in writing and published defamatory remarks concerning the plaintiff which proved to be untrue." Again, she does not identify when this was done, what the nature of the writing was

or to whom the writing was addressed.  As the Court has noted, this claim is a clear example of what the Supreme Court was addressing when it issued its opinion in *Bell v. Twombly*.  The allegations against Ms. Stakenas are general, formulaic allegations which fail to meet the Supreme Court's ruling in *Bell v. Twombly*.

Robert Eckert is identified in the caption of the complaint as residing or working in Reston, Virginia, and is sued in his official capacity.  However, plaintiff's complaint fails to further identify Mr. Eckert, and he is only specifically mentioned in Count IV, which the Court has previously found should be dismissed as untimely filed.  There are no allegations in the complaint referencing Mr. Eckert other than his being mentioned in the caption of the case and included in Count IV.  There is no allegation in the "facts" section of plaintiff's complaint that makes any mention of Mr. Eckert.  For these reasons, the complaint should be dismissed as to him.

As to the defendants Michael Leavitt and Daniel Levinson, the foregoing discussion regarding absolute quasi judicial immunity would apply to each of them.  Mr. Leavitt is identified as the Secretary of the Department of Health and Human Services, being sued in his official capacity, and Mr. Levinson is identified as Inspector General with the Department of Health and Human Services with his office in the District of Columbia.

There are no specific allegations in the complaint regarding either Mr. Leavitt or Mr. Levinson, and they are only specifically identified as defendants in Count IV, which is one of the Privacy Act counts that the Court has already dismissed.

For all of the foregoing reason, the Court finds that plaintiff's complaint should be dismissed. A separate order will be entered in accordance with this memorandum opinion.

DATED this 18th day of February, 2010.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court